IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CWB SERVICES, LLC, *et al.*,<br><br>    Defendants. | Case No. 4:14-cv-00783-DW |

### RECEIVER'S QUARTERLY REPORT PURSUANT TO L.R. 66.1(B)

Receiver, Larry E. Cook, pursuant to L.R. 66.1(b), files his Quarterly Report to the Court, respectfully stating as follows:

The United States Federal Trade Commission ("FTC") initiated this enforcement action on September 5, 2014. On that same date, this Court entered a Temporary Restraining Order (Docket No. 10) ("TRO") appointing Larry E. Cook as Receiver for the business activities of the Receivership Defendants (defined as the Corporate Defendants, as well as any other business related to the Defendants' lending or customer service business and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants). On September 23, 2014, the Court entered a Stipulated Preliminary Injunction with An Asset Freeze, Appointment of a Receiver, and Other Equitable Relief (Docket No. 34) ("PI Order"). Under L.R. 66.1(b), I submit this Quarterly Report to advise the Court of the status of this Receivership Estate:

## I. Closing of the Receivership Site

As previously reported, the Receiver took exclusive possession of the defendants offices at 6700 Squibb Road, Suite 200, Mission, Kansas (offices for Coppinger, CWB Services, LLC; Orion Services, LLC; Sandpoint Capital, LLC; Sandpoint, LLC; Basseterre Capital, LLC; and Namakan Capital, LLC) (collectively, the "Coppinger Offices"). In order to minimize expense going forward, the Receiver surrendered the Coppinger Offices back to the landlord effective December 31, 2014. The Receiver and his counsel have retained hard copies of documents and all servers which are being stored at Receiver's counsel's office at no charge to the Receivership Estate. These documents and electronic records are being stored and available for production pursuant to the TRO and PI Order which appoint the Receiver the records custodian.

As to 7301 Mission Road, Suite 318, Prairie Village, Kansas (offices for Rowland, Vandelier Group, LLC; St. Armands Group, LLC; Anasazi Group, LLC; Anasazi Services, LLC; Longboat Group, LLC d/b/a Cutter Group; and Oread Group, LLC d/b/a Mass Street Group) (collectively, the "Rowland Offices"), the relevant physical records were copied and removed and the office surrendered back to defendant Rowland because non-defendant business unrelated to consumer lending was also transacted at that office. Accordingly, the Receivership Estate is not incurring charges on account of the Rowland Offices.

## II. Claims Against Third Parties

The Receiver and his team has conducted an extensive investigation into the ultimate recipients of the profits of the Receivership Defendants and individual Defendants. This process involved review and analysis of thousands of pages of bank statements and financial statements. The process is on-going. However, the Receiver has

identified in excess of $15 million in net transfers to investors and insiders of the Rowland entities and in excess of $4.5 million transferred to investors and insiders of the Coppinger entities. The review and accounting of the Coppinger entities is not complete and the amount of transfers by the Coppinger entities will likely increase when the accounting is completed.

Based upon the initial calculations, the Receiver has engaged in preliminary settlement discussions with the transferees counsel which may avoid the additional expense of discovery and litigation as to these turnover/clawback actions. The preliminary settlement discussions are subject to a final accounting of funds received by transferees and the amounts reported in this Quarterly Report are subject to change.

### III. Debt Collectors

The FTC has notified the Receiver and his counsel of numerous third-party debt collectors threatening imprisonment and other actions if the consumers do not pay amounts allegedly owed to the Receivership Defendants. Many of these debt collectors use non-existent PO Boxes and change phone numbers regularly. In many cases, it isn't clear whether the third-party debt collectors actually purchased consumer loans from Receivership Defendants or are simply fraudulently asserting a debt is owed. In some cases, the consumer claims the original loan was previously paid in full.

In an attempt to stop this activity, the Receiver and his counsel send "cease and desist" letters with a copy of the PI Order to the third-party debt collectors in an attempt to stop this activity. The Receiver has also directed all third-party debt collectors used by the Receivership Defendants to stop all collection activity.

## IV. Financial Status

As of the filing of this Quarterly Report, the Receivership Estate Bank Account has a balance of $475,928.16. This reflects deposits since the last report as follows:

| Date | Purpose | Amount |
|---|---|---|
| 12/2/2014 | Sale of T. Coppinger Lake House | $ 136,861.60 |
| 12/29/2014 | Liquidation of Office Proceeds | $ 8,188.90 |
| 1/8/2015 | Closing of Viking Collections Reserve Accounts | $ 53,409.29 |
| 1/23/2015 | Liquidation of Sandpoint Whole Life Annuity w/ Ameritas | $ 34,831.87 |
| | | $ 233,291.66 |

The current balance reflects expenses paid since the filing of the last report as follows:

| Date | Purpose | Amount |
|---|---|---|
| 10/5/2014 | October Rent--6700 Squibb | $ 7,812.00 |
| 11/5/2014 | September Rent--6700 Squibb | $ 7,812.00 |
| 12/5/2014 | December Rent--6700 Squibb | $ 7,812.00 |
| 12/31/2014 | Receiver's Fee | $ 134,176.00 |
| 12/31/2014 | Receiver's Counsel's Fees | $ 182,900.69 |
| Oct-Dec | Bank Fees/CPA Fees/Service Charges | $ 2,904.27 |
| | | $ 343,416.96 |

The last report balance of $586,053.46 plus deposits of $233291.66 less expenses of $343,416.96 results in current balance of $475,928.16. This amount reflects only the corporate entity defendant funds and does not include additional funds frozen by the FTC held in the individual defendants accounts. The Receiver and the FTC have had preliminary discussions about turnover/clawback actions as to the individual defendants

4

and upon final accounting of turnover actions and/or settlement, these funds will be accounted for at that time.

Dated: January 26, 2015.

> Respectfully submitted,
>
> LATHROP & GAGE LLP
>
> By: /s/ *Brian M. Holland*
> Brian M. Holland  MO # 51307
> 2345 Grand Blvd, Suite 2400
> Kansas City, MO 64108
> Telephone: 816.292.2000
> Telecopier: 816.292.2001
> Email: bholland@lathropgage.com
>
> Attorneys for Larry E. Cook,
> Receiver

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2015, I electronically filed the foregoing document, with the Clerk of the Court for the Western District of Missouri by using the CM/ECF system which will send a notice of electronic filing to all parties participating in the Court's CM/ECF system.

> /s/ *Brian M. Holland*
> An Attorney for Larry E. Cook,
> Receiver