# UNITED STATES DISTRICT COURT
### for the
### Western District of Missouri

| | | |
|---|---|---|
| Federal Trade Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:14-cv-000783-W-DW |
| CWB Services, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          DNA Investments, LLC; 21020 N. Pima Road, Scottsdale, AZ 85255

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment.

| Place: Office of the U.S. Attorney, 2 Renasissance Sq., 40 N. Central Avenue, Ste.1200, Phoenix, AZ 85004-4408 | Date and Time:  3/13/2015 5:00 p.m. EST |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          2/26/15

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Rebecca M. Unruh |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Federal Trade Commission                                            , who issues or requests this subpoena, are:

Rebecca Unruh, 600 Pennsylvania Ave., NW, Mail Stop CC-10232, Washington, DC 20580; 202.326.3565; runruh@ftc.gov

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.  4:14-cv-000783-W-DW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT TO SUBPOENA DUCES TECUM
## TO DNA INVESTMENTS LLC

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Subpoena, the following terms are to be interpreted in accordance with these definitions:

1. "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

2. "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

3. "**Associated Person**" shall mean Canyon Road Holdings LLC; Cerrillos Road Holdings LLC; Northrock LLC; Northrock II LLC; KSQ Management LLC; DNA Investments II, LLC; HighPointe Capital Group, LLC a/k/a HPCG; HuskHawk Investment Group, LLC; HuskHawk Marketing Company, LLC; David A. Harbour; Melvin L. Dunsworth, Jr.; Joel J. Tucker; and any Investor, including any wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

4. "**Defendant**" shall mean the following defendants named in FTC v. CWB Services, LLC, et al., No. 14-000783-DW-W pending in the United States District Court for the Western District of Missouri: CWB Services, LLC; Orion Services, LLC; Sandpoint Capital, LLC; Sandpoint LLC; Basseterre Capital, LLC (Delaware and Nevis); Namakan Capital, LLC (Delaware and Nevis); Vandelier Group LLC; St. Armands Group LLC; Anasazi Group LLC; Anasazi Services LLC; Longboat Group LLC, also d/b/a Cutter Group; Oread Group LLC, also d/b/a Mass Street Group; Timothy A. Coppinger; and Frampton T. Rowland, III.

5. "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label. **"Document" shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

6. "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

7. "**Electronically Stored Information" or "ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

8. "**Identify**" or "**the identity of**" shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) entities by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

9. "**Investor**" shall mean any Person who provided loans to, was party to a promissory note with, or invested in You, any Associated Person, or any Defendant for the purpose of funding any Defendant's business activities.

10. "**Person**" shall mean any entity or natural person.

11. "**Relating to**" or "**reflecting**" or "**referring to**" shall mean constituting, comprising, containing, consisting of, setting forth, proposing, showing, disclosing, describing, or tending to describe, identifying, pertaining to, discussing, explaining, evidencing, comprising, indicating, analyzing, summarizing, authorizing, communicating about, or referring to directly or indirectly.

12. "**You"** and "**Your**" shall mean the Person to whom this subpoena issued.

<u>INSTRUCTIONS</u>

1. Except as specified otherwise below, the ***applicable time period*** for each request shall be from January 1, 2008 until the date of full and complete production of the documents requested by this subpoena.

2. If, in responding to this request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Whenever in this request you are asked to identify or produce a document that you wish to assert may be properly withheld from production for inspection and copying, with respect to each document:

A.     If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), the claim must be asserted no later than the return date of this subpoena.  Please also provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Plaintiff to assess the applicability of the privilege or protection claimed by you; or

B.     If you are withholding the document for any reason, state the reason with respect to each document withheld and provide the information requested in ¶ 3.A above, as well as any other information necessary to support your claim that withholding the document is justified.

4.   When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege (or other basis for withholding information) is asserted with regard to part of the material contained in a document, you must clearly identify the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, provide as to each document the information set forth in ¶ 3 above with respect to the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

5.   If you object to production of any requested document(s) on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6.   Unless otherwise requested, in lieu of producing original paper documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the FTC upon request.  Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding.  Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

7.   You shall produce Documents created, utilized, or maintained in electronic format in the ordinary course of business as follows:

A.     Spreadsheet and presentation programs, including but not limited to Microsoft Access, SQL, and other databases, as well as Microsoft Excel and PowerPoint files, shall be produced in native format with extracted text and metadata. Data compilations in Excel spreadsheets, or in delimited text formats, shall contain all underlying data un-redacted with all underlying formulas and algorithms intact. All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions,

queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;

B.      All ESI other than those documents described in (7)(B) above shall be provided in native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images (where color is necessary to interpret the contents); and

C.      Each electronic file should be assigned a unique document identifier ("DocID") or Bates reference.

8.   If you believe that the scope of either the required search or any specification can be narrowed consistent with the Federal Trade Commission's need for documents and information, you are encouraged to discuss such possible modifications of this request, including any modifications of definitions and instructions, with **Rebecca Unruh** at **(202) 326-3565**.

9.   All documentary materials used in the preparation of responses to the specifications of this subpoena shall be retained.  Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents that are in any way relevant to this subpoena, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise.

10. Please send all responsive documents to **Rebecca Unruh**, Federal Trade Commission, 600 Pennsylvania Ave., NW, Room CC-10232, Washington, DC 20580.  Please use overnight courier (such as Federal Express) or email (to **runruh@ftc.gov**) rather than U.S. regular mail.

11. If any material called for by these requests contains sensitive personally identifiable information of any individual, please contact us before sending those materials to discuss ways to protect such information during production.  If that information will not be redacted, contact us to discuss encrypting any electronic copies of such material with encryption software such as SecureZip and provide the encryption key in a separate communication.

<u>REQUESTS</u>

1.   All of Your organization charts.

2.   Your Articles of Incorporation, Partnership Agreement, or other origination and organization documents and those of each of Your parents, subsidiaries, divisions, or affiliates.

3.   All minutes of all meetings of Your board of directors, officers, or similar managing body(ies).

4.   Documents sufficient to identify all Investors.

5.  All communications, including without limitation any contracts or agreements, between You and any Defendant.

6.  All communications, including without limitation any contracts or agreements, between You and any Associated Person relating to or reflecting any Defendant, or relating to or reflecting the revenues generated by any Defendant.

7.  All contracts or agreements between any Investor and any Defendant, or between any Investor and any Associated Person.

8.  All Documents relating to or reflecting the lending operations or lender servicing operations of any Defendant, or relating to or reflecting the revenues generated by those operations.

9.  All Documents relating to the allegations in the Complaint filed in <u>FTC v. CWB Services, et al.</u>, No. 14-000783-cv-DW (W.D. Mo.).

10. All Documents relating to or reflecting Your involvement, or any Associated Person's involvement, in any Defendant's lending operations or lender servicing operations.

11. All Documents relating to or reflecting any consumer complaints or Investor complaints about Your business practices, or about any Defendant's business practices.

12. All Documents relating to or reflecting any federal, state, or local regulatory or law enforcement agency inquiries about Your business practices, or about any Defendant's business practices.

13. Your Financial Statements, balance sheets, federal, state, and local income tax returns, profit and loss statements, and statements of income and expenses from 2008 through the present.

14. Your bank account and brokerage account statements, including all images of checks.

15. Documents sufficient to identify all real property owned by You, in whole or in part.

16. Documents sufficient to identify all businesses owned by You, in whole or in part.

17. All Documents relating to or reflecting any transfer of any asset, including without limitation compensation for employment, distributions, interest, dividends, or other payments of any kind, by You or on Your behalf to any Defendant or Associated Person, or for any Defendant's or Associated Person's benefit.

18. All Documents relating to or reflecting any transfer of any asset, including without limitation compensation for employment, distributions, interest, dividends, or other payments of any kind, to You or for Your benefit from any Defendant or Associated Person, or on behalf of any Defendant or Associated Person.

19. All Documents presented to or made available to consumers who took out a loan with any Defendant, including, but not limited to information presented via lead generators, disclosures relating to loans, loan applications, loan notes, or other loan documents.

20. All Documents relating to or reflecting any Defendant's policies, procedures, and practices, including without limitation issuance of loans to consumers who do not authorize payment via electronic fund transfer, funding of loans, obtaining authorization from consumers for the loans; or calculating consumers' annual percentage rate or total of payments for purposes of loan notes or other loan disclosures.

21. All Documents relating to or reflecting Your or any Defendant's provision of consumers' personal identifying information to any Person besides that consumer.

22. All Documents relating to or reflecting the sale or assignment of any Defendant's consumer loan portfolio to a debt broker, debt buyer, or third-party collection agency.

23. All testimony (including, but not limited to, affidavits, declarations, depositions, and in-court testimony), discovery requests, and discovery responses in any litigation involving You as a party, witness, or intervenor, relating to any Defendant or any Associated Person.

24. Your Document retention policy(ies) in effect from the date of Your formation through the present.