# UNITED STATES DISTRICT COURT
### for the
Western District of Missouri

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:14-cv-00783-DW |
| | ) | |
| CWB SERVICES, LLC, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     DNA Investments, LLC c/o David Harbour, 21020 North Pima Rd, Scottsdale, AZ 85255
Serve: John J. Schirger, Esq., Miller Schirger LLC, 4520 Main St. Ste 1570, Kansas City, MO 64111
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A.

| Place: | Alliance Reporting Solutions | Date and Time: | March 26, 2015 9:00 a.m. MST |
|---|---|---|---|
| | 2700 North Central Avenue, Suite 350 | | |
| | Phoenix, AZ  85004 | | |

The deposition will be recorded by this method: _Court Stenographer_

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Exhibit B.  Documents should be produced at same place as above on or before March 18, 2015, 4:00 p.m. MST.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _03/05/2015_

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Brian M. Holland |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Larry E. Cook, Receiver

Brian M. Holland, Lathrop & Gage LLP, 2345 Grand Blvd, Suite 2400, Kansas City, MO 64108; bholland@lathropgage.com; 816.292.2000. , who issues or requests this subpoena, are:

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A—MATTERS FOR DEPOSITION

You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify about the following matters:

1.      Communications between DNA Investments, LLC and any of the following:
- Canyon Road Holdings LLC;
-Incrementum Investment Group LLC;
-Huskhawk Investment Group LLC;
-Cerrillos Road Holdings LLC;
-eData;
-Joel Tucker; and/or
-Frampton "Ted" Rowland

2.      Transfer of money (whether by loan, investment, or other transfer) to or from DNA Investments, LLC and any or all of the entities or individuals listed in Number 1 above.

# EXHIBIT B—DOCUMENTS TO BE PRODUCED

## Definitions

**Document.** The term "Document" includes, but is not limited to, any kind of written, recorded or graphic matter, whether printed or recorded, or reproduced by any other mechanical process, or stored on paper, cards, tapes, film, recordings (tape, disk or other), electronic facsimile, computer storage devices or any other media, or written or produced by hand, including but not limited to: agreements, and drafts thereof; communications, including intra-company communications; correspondence (whether or not sent); electronic mail; telegrams; telexes; memoranda, including internal memoranda, and drafts thereof; contracts; reports; quotations; invoices; summaries; transcripts; reviews; analyses; studies; records; books; summaries, notes or records of telephone conversations; summaries, notes or records of conversations or interviews; summaries, notes or records of meetings, conferences or communications; opinions; valuations; evaluations; forecasts; projections; appraisals; statistical statements; notes; ledgers; books of record; press releases; drafts of any document; working papers; marginal notations; journals; telephone records; work papers; drawings; specifications; desk calendars; appointment books; diaries; calendars; diaries; lists; tabulations; microfilm; floppy disks or other computer disks; computer tapes; computer printouts; photocopies; slides; motion pictures; video tapes; audio tapes; electronic data; minutes of meetings; drawings; designs; or any other writings, including non-identical copies of any of the foregoing.

**You.** The Term "You" or "Your" means DNA Investments, LLC

## Requests:

For the period January 1, 2011 to the present:

1.      Articles of Incorporation and corporate (LLC) minutes, and any partnership agreements

2.      Your books of original entry and subsidiary records including but not limited to: general ledger, general journal, cash receipts journal, accounts receivable ledger, payroll journal and ledgers, and purchase journals

3.      Your financial statements including Income Statements and Balance Sheets.

4.      Your Federal, State, and Local tax returns including supporting schedules

5.      A list of all of your bank accounts including checking accounts, savings accounts, certificate of deposits, loans, lines of credit. This list should include name and location of bank, account number, date opened and/or closed, and copies of monthly statements.

6.      A list of all of your investment accounts, including checking accounts, savings accounts, certificate of deposits, trading accounts, and lines of credit. This list should include name and location of firm, account number, date opened and/or closed, and copies of monthly statements.

7.      A list of any real estate you purchased or leased, including copies of the purchase or lease contract.

8.      A list of all individuals and entities that were solicited by You or any of your employees, managers, officers, or contractors to invest funds in promissory notes, or other investment products, issued by Canyon Road Holdings LLC,

Incrementum Investment Group LLC, Huskhawk Investment Group LLC, and/or Cerrillos Road Holdings LLC. This list should include name of investor, address, date of investment, amount, interest rate, and terms.

9.     For each investor solicited above, provide copies of all correspondence (electronic and hard copy), promissory note/investment contracts, account statements, and any formal complaints or lawsuits.

10.     A list of all payments you received from Canyon Road Holdings LLC, Incrementum Investment Group LLC, Huskhawk Investment Group LLC, and/or Cerrillos Road Holdings LLC as compensation for introducing, recruiting, or soliciting any person or entity to invest with or loan to Canyon Road Holdings LLC, Incrementum Investment Group LLC, Huskhawk Investment Group LLC, and/or Cerrillos Road Holdings LLC including the name of the investor, dates and amounts of compensation received.

11.     Any financial statement you provided to any person or entity.

12.     All documents related to the following transactions from DNA Investments LLC bank account at Northern Trust:

          -A copy of all monthly statements from American Express account that received $2.3 million in payments from May 2011 to May 2013;

          -A copy of any purchase contract, leases, or other document related to the following payments of $375,000 on 1/11/12, $250,000 on 11/30/12, and $300,000 on 2/1/13 to Discovery Lake Condominiums.

13.     A copy of any and all documents related to your real estate purchase and membership at El Dorado Golf and Beach Club.

14.     A copy of any and all documents related to accounts and transfers of $2 million to American Fund Control Inc.

15.     A copy of any and all documents related to real estate purchase and membership at Gozzard Ranch Golf and Lake Club.

16.     A copy of any and all documents related to DNA Investments, LLC check #2025 on 5/24/12 for $26,983.50 paid to HPGC Hospital Investment.

17.     A copy of any and all documents related to DNA Investments, LLC's transfer of $300,000 in payments to Interiors by Sandra Espinet.

18.     A copy of any and all documents related to $718,000 in payments from DNA Investments, LLC to Juliette Corporation.

19.     A copy of any and all documents related to payment by DNA Investments, LLC of a $25,000 payment on 1/29/13 to Lawyers Title Co for Lot #2415, and payment to Lawyers Title Co on 2/25/13 for $260,000.

20.     A copy of any and all documents related to DNA Investments, LLC's fifteen monthly payments of $10,000 to Mass Mutual Life Ins Co.

21.     A copy of any and all documents related to DNA Investments, LLC's $80,000 membership payment to Silver Leaf.

22.     A copy of any and all documents related to DNA Investments, LLC's payments to The Ticket Exchange as follows: $32,000 on 3/29/12, $165,000 on 6/25/12, and $102,050 on 10/25/12.

23.     A copy of any and all documents related to DNA Investments, LLC's $49,429.08 payment on 7//3/12 to Van Buick Chevrolet.

24.     A copy of any and all documents related to a $556,661 loan to DNA Investments, LLC from Canyon Road Holdings, LLC on 10/25/11.