AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 4:14-cv-00783-DW   Document 145-1   Filed 03/23/15   Page 1 of 6

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT TO SUBPOENA TO TESTIFY AT A DEPOSITION
## TO DNA INVESTMENTS LLC

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these deposition topics is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these topics, the following terms are to be interpreted in accordance with these definitions:

1. "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any topic all information that otherwise might be construed to be outside its scope.

2. "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

3. "**Asset**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

4. "**Associated Person**" shall mean Canyon Road Holdings LLC; Cerrillos Road Holdings LLC; Northrock LLC; Northrock II LLC; KSQ Management LLC; DNA Investments II, LLC; HighPointe Capital Group, LLC a/k/a HPCG; HuskHawk Investment Group, LLC; HuskHawk Marketing Company, LLC; David A. Harbour; Melvin L. Dunsworth, Jr.; Joel J. Tucker; and any Investor, including any wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

5. "**Defendant**" shall mean the following defendants named in <u>FTC v. CWB Services, LLC, et al.</u>, No. 14-000783-DW-W pending in the United States District Court for the Western District of Missouri: CWB Services, LLC; Orion Services, LLC; Sandpoint Capital, LLC; Sandpoint LLC; Basseterre Capital, LLC (Delaware and Nevis); Namakan Capital, LLC (Delaware and Nevis); Vandelier Group LLC; St. Armands Group LLC; Anasazi Group LLC; Anasazi Services LLC; Longboat Group LLC, also d/b/a Cutter Group; Oread Group LLC, also d/b/a Mass Street Group; Timothy A. Coppinger; and Frampton T. Rowland, III.

6. "**Identify**" or "**the identity of**" shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) entities by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

7.  "**Investor**" shall mean any Person who provided loans to, was party to a promissory note with, or invested in You, any Associated Person, or any Defendant for the purpose of funding any Defendant's business activities.

8.  "**Person**" shall mean any entity or natural person.

9.  "**Relating to**" shall mean constituting, comprising, containing, consisting of, setting forth, proposing, showing, disclosing, describing, or tending to describe, identifying, pertaining to, discussing, explaining, evidencing, comprising, indicating, analyzing, summarizing, authorizing, communicating about, or referring to directly or indirectly.

10. "**You**" and "**Your**" shall mean the Person to whom this subpoena issued.

## DEPOSITION TOPICS

You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify about the following matters:

1.  Your business practices, including Your relationship with any Associated Person and Your relationship to any Defendant.

2.  The activities of You or any Associated Person relating to the management of any Defendant, including the right or ability of You or any Associated Person to make business decisions for any Defendant.

3.  The involvement of You or any Associated Person with the lending operations or lender servicing operations of any Defendant.

4.  All contracts or agreements between You and any Defendant.

5.  All contracts or agreements between any Investor and any Defendant, or between any Investor and any Associated Person.

6.  Your knowledge, or the knowledge of any Associated Person, of any Documents presented to or made available to consumers who took out a loan with any Defendant, including information presented via lead generators, disclosures relating to loans, loan applications, loan notes, or other loan documents.

7.  Your involvement, or the involvement of any Associated Person, in creating or modifying any Documents presented to or made available to consumers who took out a loan with any Defendant, including information presented via lead generators, disclosures relating to loans, loan applications, loan notes, or other loan documents.

8.  Your knowledge or notice of, or any Associated Person's knowledge or notice of, any consumer complaints or Investor complaints about Your business practices, or about any Defendant's business practices.

2

9. Your knowledge or notice of, or any Associated Person's knowledge or notice of, any federal, state, or local regulatory or law enforcement agency inquiries about Your business practices, or about any Defendant's business practices.

10. Communications between You or any of Your members with any Associated Person or Defendant.

11. Communications between any Person defined above to be a Defendant or Associated Person.

12. The identity of all Investors.

13. The location and type of all of Your corporate assets.

14. The transfer of any asset, including compensation for employment, distributions, interest, dividends, or other payments of any kind, by You or on Your behalf to any Defendant or Associated Person, or for any Defendant's or Associated Person's benefit.

15. The transfer of any asset, including without limitation compensation for employment, distributions, interest, dividends, or other payments of any kind, to You or for Your benefit from any Defendant or Associated Person, or on behalf of any Defendant or Associated Person.

16. Your relationship, and the relationship of any of Your members to any other corporate entity.

17. Your knowledge or notice of, or any of Your members' knowledge or notice of, any Defendant's policies, procedures, and practices, including issuance of loans to consumers who do not authorize payment via electronic fund transfer, funding of loans, obtaining authorization from consumers for loans, or calculating consumers' annual percentage rate or total of payments for purposes of loan notes or other loan disclosures.

18. The transfer of consumers' personal identifying information by You, any of Your members, or any Defendant to any Person other than that consumer, including (a) the sale or assignment of any Defendant's consumer loan portfolio to a debt broker, debt buyer, or third-party collection agency and (b) the use of consumers' personal identifying information as leads for other products

19. Your Document retention policy(ies) in effect from the date of Your formation through the present.