UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:14-cv-00783-DW |
| v. | ) |
| | ) |
| CWB Services, LLC, *et al*. | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO RECEIVER'S MOTION FOR TURNOVER OF PROPERTY OF RECEIVERSHIP ESTATE TRANSFERRED TO DNA INVESTMENTS, LLC, DAVID A. HARBOUR, AND ABBY HARBOUR**

Third-Parties DNA Investments, LLC, David Harbour, and Abby Harbour ("Respondents"), by and through undersigned counsel, for their Response to the Receiver's Motion for Turnover of Property of the Receivership Estate Transferred to Respondents ("Turnover Motion"), respectfully state as follows:

1. The Respondents are not parties to this case, *FTC v. CWB Services, LLC*, et al., Case No. 4:14-cv-00783-DW (the "Primary Action"), and are before this Court only due to the filing of this ancillary Turnover Motion.

2. Respondents do not dispute that Receivership Defendant Canyon Road Holdings, LLC transferred $6,612,762 to DNA Investments, LLC, some of which was ultimately transferred to the Harbours through DNA, between April 2011 and July 2014.

3. The Respondents do dispute, however, the propriety of the Receiver's current Turnover Motion filed ancillary to the Primary Action and now before this Court. For the reasons that follow, the Turnover Motion should be denied.

4. On September 23, 2014, the Court entered its Order Entering Stipulated Preliminary Injunction with an Asset Freeze, Appointment of Receiver, and Other Equitable

1

Relief ("PI Order").

5. As an initial matter, the PI Order specifically identifies the proper process for the Receiver to attain transfer of Receivership assets from non-parties served with or having knowledge of the PI Order where it states: "In the event any person or entity fails to deliver or transfer immediately any asset…the Receiver may file ex parte with the Court an Affidavit of Non-Compliance regarding the failure." *Id*. at XIV.B, p. 23 – 24. Upon filing of such an Affidavit, the Court may authorize Writs of Possession or Sequestration or other equitable writs requested by the Receiver. *Id*.

6. No such Affidavit was filed here. By virtue of that fact alone, the Turnover Motion should be denied. The proper procedure for transfer of Receivership assets in possession of non-parties prior to a decision on the merits in the Primary Action was specifically set by this Court, and the Receiver has not complied. Instead, the Receiver has filed this Turnover Motion.

7. Additionally, while a summary proceeding such as that initiated by the Turnover Motion may be appropriate and proper in certain cases to protect equity receivership assets and to determine "who [is] entitled to interim possession of funds," summary proceedings ancillary to the main action are not appropriate "to determine the ultimate merits of the parties' claims to property." See *U.S. v. Arizona Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984); see also *FTC v. NHS Systems, Inc*. 708 F.Supp.2d 456, 467 (E.D. Pa. 2009). Here, the receiver seeks more than interim possession; he seeks an "Order of Judgment" determining ownership rights to property via arguments going directly to the ultimate merits of the Primary Action. See Turnover Motion at p. 13.

8. In support of his request for asset turnover, the Receiver argues in part as follows:
   a. "A court may direct that all of the proceeds of the fraud be paid to the receiver…" Turnover Motion at ¶ 32, p. 9.

2

b. "A court can obtain equitable relief to recover ill-gotten gains for the benefit of victims of the wrongdoing, whether those ill-gotten gains are 'held by the original wrongdoer or by one who has received the proceeds of the wrong.'" *Id.* at ¶ 33, p. 10
c. DNA and the Harbours have no legitimate claim to the proceeds because they are "the proceeds of the fraudulent consumer lending activity," and "the defendants in this case…engaged in deceptive consumer payday lending activity." *Id.* at ¶ 35, p. 11.

These arguments go to the merits of the Primary Action – whether the monies obtained via consumer lending activity were indeed "ill-gotten."

9. Arguing fraudulent transfer and unjust enrichment – and seeking an "Order of Judgment" – the Receiver is in essence seeking disgorgement of assets. Even in the Turnover Motion itself, the Receiver cites to cases directly discussing "disgorgement." See, e.g. *F.T.C. v. Think Achievement Corp.*, 144 F.Supp.2d 1013, 1020 (N.D. Ind. 2000), and *F.T.C. v. Ivy Capital* 2013 WL 1224613, *18 (D. Nev. 2013). In a disgorgement proceeding, assets can be obtained from a non-party only by establishing that the non-party possesses illegally obtained assets/profits but has no legitimate claim to them. See *S.E.C. v. Ross*, 504 F.3d. 1130, 1144 (9th Cir. 2007). The first part of the analysis is whether the non-party – typically, a named relief defendant – has received "ill-gotten funds." *U.S. Commodity Futures Trading Com'n v. Gresham*, 2012 WL 1606037, *3 (N.D. Ga. 2012); *S.E.C. v. Aragon Capital Advisors, LLC*, 2011 WL 3278907 (S.D.N.Y. 2011).

10. Here, it has not been ultimately determined in the Primary Action that a legal wrong has been committed by the named Defendants such that the monies at issue are "ill-gotten." There has been no determination as to the alleged underlying fraud in the Primary Action. This is a merits question that should not be decided in this ancillary, summary proceeding.

11. Further, the Receiver offers no evidence in support of his motion. Instead, the

3

Receiver does little more than make broad conclusory statements of unjust enrichment, fraudulent transfer, and the broad equity powers of the Court. But wholly conclusory statements that the Respondents "have no legitimate claim" to certain assets and that they have "failed to provide reasonably equivalent value" does not make it so. Some evidentiary support is required. The Receiver offers none.

12. In any event, the $6.6 million sought by the Receiver here is no longer in the possession of DNA or the Harbours – a fact readily admitted by the Receiver in his Turnover Motion which recites several of the large expenditures made by Respondents by which the monies at issue were spent, transferred, and depleted.

13. Setting aside that no such monies are still in the possession of the Respondents, the fact that $6.6 million was transferred to the non-party Respondents does not alone support a turnover of assets to the Receiver. And, the Receiver's reliance on recitation of allegations of wrongdoing against Defendants in the Primary Action (again, the Respondents are not named as Defendants) is not sufficient evidentiary or factual support for turnover.

14. By failing to file with the Court an Affidavit of Non-Compliance, the Receiver has not complied with the procedure as set out in the PI Order for transfer of Receivership assets in possession, custody, or control of non-parties.

15. The Receiver's argument also ultimately goes to merits questions in the Primary Action that cannot be properly resolved in a summary proceeding like that initiated by the Turnover Motion.

16. The Receiver has offered no evidentiary support for his claims of unjust enrichment and fraudulent transfer in the Turnover Motion. Instead, he does little more than generally define constructive trust, fraudulent transfer, and the broad equity powers of the Court.

This is not a sufficient basis for granting the relief sought here.

17.  Respondents reserve the right to assert such additional defenses as may become known or available prior to the Court entering its Order on this Motion.

WHEREFORE, for the above and foregoing reasons, the Respondents respectfully ask the Court to enter an Order denying the Receiver's Turnover Motion and awarding Respondents' their costs incurred in responding thereto, including reasonable attorney fees, and for such other and further relief as may be deemed just and proper.

Respectfully submitted.

MILLER SCHIRGER, LLC

/s/ Matthew W. Lytle
John J. Schirger, MO Bar #60583
Matthew W. Lytle, MO Bar #59145
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
jschirger@millerschirger.com
mlytle@millerschirger.com
Telephone: (816) 561-6500
Facsimile: (816) 561-6501

ATTORNEYS FOR RESPONDENTS

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of the Court of the Western District of Missouri by using the CM/ECF system, which will send a notice of electronic filing to all parties participating in the Court's CM/ECF system.

                                        /s/ Matthew W. Lytle
                                        Attorney for Respondents

