# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRAINE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-00783-CV-W-DW |
| ) | |
| CWB SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are the Joint Motions to Enter Stipulated Permanent Injunction and Monetary Judgment as to the Coppinger Defendants and the Rowland Defendants (Docs. 172 and 173, respectively). Upon further review of the parties' proposed Orders (Docs. 172-1 and 173-1), the Court has additional concerns and questions regarding the following terms and provisions contained therein.

First, Section X of the Order as to the Coppinger Defendants ("Coppinger Order") provides that Individual Defendant Coppinger must obtain acknowledgements of receipt of the said Order "for 15 years after entry of the Order." Section XI of the Coppinger Order provides that all Coppinger Defendants must submit compliance notices "for 15 years after entry of the Order." Lastly, Section XII of the Coppinger Order requires the Coppinger Defendants to create and maintain records "for 15 years after entry of the Order."

The Order as to the Rowland Defendants includes the same provisions in Sections X, XI, and XII, but requires the Rowland Defendants to do so "for 20 years after entry of the order." Based on this discrepancy, the Court requires the parties to provide an explanation for the difference in number of years between the two Orders.

Second, subsections VII(F) of both proposed Orders provide for consumer redress. Specifically, these subsections state that "all money paid to [Plaintiff] pursuant to this Order may be deposited into a fund administered by [Plaintiff] *or its designee* to be used for equitable relief, including consumer redress and *any attendant expenses for the administration of any redress fund*." (emphasis added). The Court is concerned that the funds available for consumer redress, which have already been depleted by this litigation, will be further diminished if a designee is appointed to administer the redress fund. Accordingly, Plaintiff shall provide the Court with a more detailed explanation of its plan for and estimated expenses, including hourly rates, of administering the consumer redress fund by Plaintiff or its designee.

Brief written explanations addressing these two issues shall be filed on or before noon on Wednesday, August 26, 2015.

SO ORDERED.


Date: August 20, 2015                             /s/ Dean Whipple
                                                  Dean Whipple
                                                  United States District Judge