IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-00783-CV-W-DW |
| | ) | |
| CWB SERVICES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Joint Motion to Enter Stipulated Permanent Injunction and Monetary Judgment (Doc. 173) as to Defendants Frampton T. Rowland, III; Vandelier Group LLC; Anasazi Group LLC; Anasazi Services LLC; Longboat Group LLC, also d/b/a Cutter Group; Oread Group LLC, also d/b/a Mass Street Group, and St. Armands Group LLC (collectively, the "Rowland Defendants"). Upon further review of the parties' proposed Order (Doc. 173-1), as well as the parties' Explanations in Response to the Court's Questions (Doc. 187), the Court declines to grant the Motion.

Section X of the Order as to the Rowland Defendants provides that Individual Defendant Frampton Rowland must obtain acknowledgements of receipt of the Order from individuals at businesses he owns or controls "for 20 years after entry of the Order." Section XI of the Order provides that the Rowland Defendants must submit compliance notices "for 20 years after entry of the Order." Lastly, Section XII of the Order requires the Rowland Defendants to create and maintain business records "for 20 years after entry of the Order."

These provisions for the Rowland Defendants differ in duration from the same provisions included in the settlement as to Defendants Timothy A. Coppinger; CWB Services, LLC; Orion

Services, LLC; Sandpoint Capital, LLC; Sandpoint, LLC; Basseterre Capital, LLC (Nevis), Basseterre Capital, LLC (Delaware), Namakan Capital, LLC (Nevis); and Namakan Capital, LLC (Delaware) (collectively, the "Coppinger Defendants"). Specifically, the Motion and Order (Docs. 172 and 172-1) submitted contemporaneously by Plaintiff and the Coppinger Defendants includes the same provisions in Sections X, XI, and XII, but requires the Coppinger Defendants to do so "for 15 years after entry of the order."

Although the Rowland Defendants agreed to these 20-year compliance provisions, they did not specifically negotiate the duration, and now state that they would prefer that the provisions have a term of 15 years. Plaintiff agrees that there is "no principled basis" to make the compliance period for the Rowland Defendants 5 years longer than the compliance period for the Coppinger Defendants. Based on this inconsistent treatment, as well as on the parties' assertions, the Court will deny the Motion as to the Rowland Defendants.

Accordingly, the Joint Motion to Enter Stipulated Permanent Injunction and Monetary Judgment (Doc. 173) is DENIED without prejudice, subject to reconsideration upon revision of the compliance provisions as to the Rowland Defendants to 15-year terms and resubmission by the parties for approval.

SO ORDERED.

Date: August 26, 2015                         /s/ Dean Whipple
                                              Dean Whipple
                                              United States District Judge