# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-00783-CV-W-DW |
| | ) | |
| CWB SERVICES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Receiver's Motion for Turnover of Property of the Receivership Estate Transferred to Wyandotte Nation / eData Solutions Inc. (Doc. 231) (the "turnover motion"). The Receiver moves for an order directing Wyandotte Nation to return $11,825,819.31 transferred by FRH LLC; Incrementum Group LLC; Anasazi Group LLC; Namakan Capital LLC; Sandpoint Capital LLC; and Basseterre Capital LLC (collectively, the "Receivership Defendants") to Wyandotte Nation between July 2012 and August 2014. The Receiver also seeks a judgment against Wyandotte Nation for the same amount. Wyandotte Nation is not a party to the underlying action, and has filed a Response (Doc. 256) and Suggestions (Doc. 257) in opposition to the turnover motion. Non-party eData Solutions, Inc. has also filed a Response (Doc. 258) and Suggestions (Doc. 259) in opposition to the turnover motion. The Receiver has in turn filed Reply Suggestions (Doc. 292) in support of the turnover motion. Upon consideration, the turnover motion will be denied.

The Receiver alleges that the $11.8 million transferred by the Receivership Defendants to Wyandotte Nation represents "proceeds of an illegal consumer payday lending scheme." Thus,

the Receiver asks the Court to exercise its "broad equitable powers [] to direct the return of proceeds of the underlying fraud" under two alternative theories.

In the first theory, the Receiver asserts the funds should be held in a constructive trust for the benefit of the consumers defrauded by the payday lending scheme. The Receiver states that the Court has the authority to direct the return of such funds "from a non-party regardless of whether that non-party committed any wrong doing, simply by showing the non-party has been unjustly enriched." According to the Receiver, the $11.8 million received by Wyandotte Nation constitutes proceeds of the fraudulent consumer lending activity of the named Defendants in this action, and as a result, Wyandotte Nation has no legitimate right to said proceeds.

The second theory posits that where a non-party received proceeds of an underlying fraud for less than reasonable equivalent value, the Court may order the return of the funds under the applicable fraudulent transfer statutes, such as the Missouri Uniform Fraudulent Transfer Act, MO. REV. STAT. §§ 428.024. See Fleming Cos., Inc. v. Rich, 978 F. Supp. 1281, 1296 (Mo. App. 1997). In this matter, according to the Receiver, Wyandotte Nation failed to give reasonably equivalent value to the Receivership Defendants in exchange for the $11.8 million received.

The parties agree that Wyandotte Nation is a federally-recognized Indian Tribe. See 25 U.S.C. § 861. Thus, the Receiver anticipates in the turnover motion that Wyandotte Nation might assert the defense of sovereign immunity. The Receiver states that the turnover motion "is brought by the Receiver appointed by the Court in this action brought by the Federal Trade Commission under the Federal Trade Commission Act." The Receiver then argues that the Federal Trade Commission Act ("FTC Act") is "a general Act of Congress and a federal statute of general applicability as to which tribal sovereignty does not apply." See e.g., FTC v AMC Servs., Inc., No. 2:12-CV-00536-GMN, 2014 WL 910302 (D. Nev. Mar. 7, 2014).

2

As anticipated, Wyandotte Nation does assert in its opposition that the turnover motion is barred by sovereign immunity. Specifically, Wyandotte Nation argues the FTC Act is not a statute of general applicability, but even if it is, it does not abrogate the Nation's sovereign immunity. In addition, Wyandotte Nation argues that the Receiver is not the Federal Trade Commission ("FTC") and therefore "did not succeed to, nor is he cloaked with, any authority the FTC may have under the [FTC Act]."

**I. Constructive Trust**

Under the first theory, the Receiver asks the Court to establish a constructive trust over the $11.8 million ultimately transferred by the Receivership Defendants to Wyandotte Nation. However, it matters not whether the FTC Act is a statute of general applicability, or whether Wyandotte Nation is entitled to sovereign immunity as to the FTC Act, because the Court finds that the Receiver's own pleadings demonstrate that such relief is inappropriate.

Federal courts may order equitable relief as to a person against whom no wrongdoing is alleged in an enforcement action "if it is established that the relief defendant possesses property or profits illegally obtained <u>and the relief defendant has no legitimate claim to them</u>." <u>FTC v. Think Achievement Corp.</u>, 144 F.Supp.2d 1013, 1020 (N.D. Ind. 2000) (citations omitted, emphasis added). A relief defendant can establish a legitimate claim to property by demonstrating that it provided some services as consideration for the property. <u>FTC v. Bronson Partners, LLC</u>, 674 F.Supp.2d 373, 392 (D. Conn. 2009); <u>FTC v. Direct Marketing Concepts, Inc.</u>, 569 F.Supp.2d 285, 312 (D. Mass. 2008); <u>FTC v. Transnet Wireless Corp.</u>, 506 F.Supp.2d 1247, 1273 (S.D. Fla. 2007), <u>U.S. Commodity Futures Trading Comm'n v. Schiera</u>, No. CV052660, 2006 WL 4586786 at *6 (S.D. Cal. Dec. 11, 2006).

3

Here, the turnover motion itself asserts that Wyandotte Nation provided a broad variety of legitimate services to the Receivership Defendants in support of the lending activities, including "providing customer/borrower leads, qualifying the leads, providing a loan management software system, and buying defaulted consumer loans to sell to third party collectors." (Doc. 231 at *3-4). Said services were provided as consideration for the monies at issue, and no wrongdoing by Wyandotte Nation is alleged. Although the Receiver makes the conclusory assertion that "Wyandotte Nation have no legitimate claim to these proceeds", the turnover motion's own assertions establish the contrary, that Wyandotte Nation does indeed have a legitimate claim to the monies. Accordingly, the Court cannot grant the relief requested under the first theory.

**II. Fraudulent Transfer Statutes**

The Receiver advances a second theory pursuant to the applicable fraudulent transfer statutes. The Receiver argues that "[u]nder fraudulent transfer statutes, a transfer is set aside when it is made with actual intent to hinder, delay, or defraud any creditor, or is made for less than reasonable equivalent value in exchange for the transfer." See MO. REV. STAT. §§ 428.024; Fleming Cos., Inc. v. Rich, 978 F. Supp. 1281, 1299 (Mo. App. 1997). As to this state law claim, Wyandotte Nation is entitled to sovereign immunity.

It is well-established that "Indian tribes possess the common-law immunity from suit traditionally enjoyed by sovereign powers." United States v. Red Lake Band of Chippewa Indians, 827 F.2d 380, 383 (8th Cir. 1987). As a matter of federal law, an Indian tribe is subject to suit only "where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998) (involving state law suit on promissory note) (citations omitted). Regarding Congressional authorization to bring suit,

4

the Supreme Court has stated that "general acts of Congress apply to Indians as well as to all others in the absence of a clear expression to the contrary." E.E.O.C. v. Fond du Lac Heavy Equip. and Constr. Co., 986 F.2d 246, 248 (8th Cir. 1993) (citing Fed. Power Comm'n v. Tuscarora Indian Nation, 362 U.S. 99, 120 (1960). Tribal sovereign immunity is a threshold jurisdictional question. Amerind Risk Mgmt. v. Malaterre, 633 F.3d 680, 684 (8th Cir. 2011).

Whether the FTC Act is a statute of general applicability or not makes no difference under the Receiver's second theory, as this claim presents a collateral action pursuant to state law, not federal law, against Wyandotte Nation. The Nation has clearly not waived its sovereign immunity as to this claim regarding Wyandotte Nation's commercial activities off Indian lands. Nor does the Court find explicit congressional abrogation of sovereign immunity from such a state law action. See Kiowa, 523 U.S. at 754. As a result, the Receiver's second basis for relief is barred by Wyandotte Nation's tribal sovereign immunity from suit.

### III. Conclusion

Based on the foregoing, it is ORDERED that The Motion for Turnover of Property of the Receivership Estate Transferred to Wyandotte Nation/eData Solutions Inc. (Doc. 231) is DENIED.

SO ORDERED.


Date:  October 4, 2016                                          /s/ Dean Whipple
                                                                   Dean Whipple
                                                           United States District Judge